# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARNELL DUKES,

Plaintiff,

v.

L. D. ZAMORA, et al.,

Defendants.

/

CASE NO. 1:12-cv-01014-LJO-SKO PC

FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(Doc. 1)

THIRTY-DAY DEADLINE

**First Screening Order**

## I. Screening Requirement and Standard

Plaintiff Darnell Dukes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff, who is incarcerated at Kern Valley State Prison, brings this action against Health Care Receiver L. D. Zamora, Chief Executive Officer M. Hutchinson, Chief Medical Officer S. Lopez, Medical Staff Services Manager T. Washington, Dr. C. Chen, Dr. Patel, Dr. Marciano, and Licensed Vocational Nurse E. Noriega for violating his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that he was diagnosed with brain damage by J. Evans, M.D., with the University of California, San Diego, and he also re-injured his surgically-repaired left shoulder, which causes his pain.

Plaintiff was transferred to Kern Valley State Prison on April 15, 2011. Prior to his transfer, he was taking 3.25 milligrams of nortriptyline for pain, which he alleges was adequate, but following his transfer, he was without his medication until May 3, 2011, and his dosage was reduced to 1.25

milligrams. Plaintiff also sought a chrono to protect him from being handcuffed behind his back due to his shoulder problems. Plaintiff alleges that Defendants have been deliberately indifferent to his medical needs and have failed to adequately treat his pain.

**B. Legal Standard**

Under section 1983, Plaintiff must link each named defendant to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

The Eighth Amendment of the United States Constitution protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas, 611 at 1151-52; Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"To establish . . . [a] violation, a plaintiff must satisfy both an objective standard - that the deprivation was serious enough to constitute cruel and unusual punishment - and a subjective standard - deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). For

claims arising out of medical care in prison, Plaintiff must first show the existence of an objectively serious medical need, and then show deliberate indifference to that need. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

**C. Findings**

**1. Change in Course of Treatment**

While Plaintiff may be able to cure some of the deficiencies in his complaint, it fails to state a claim at this juncture. As an initial matter, Plaintiff is mistaken that a change in the course of his treatment is necessarily sufficient to support a claim. The Constitution does not require medical staff at Kern Valley State Prison to continue with the course of treatment prescribed by Plaintiff's prior doctor, and neither the change in treatment nor Plaintiff's disagreement with the change is sufficient to support a claim. Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

Plaintiff's medical records indicate that in 2008, his brain MRI was normal but he had post-traumatic neuralgia, post-concussive syndrome, and a seizure disorder well controlled on low dose dilantin. The consulting physician, Dr. Evans, recommended nortriptyline 25 milligrams, tritrated up to 50-100 milligrams as tolerated, for Plaintiff's neuralgia. This recommendation was instituted in August 2008 at R.J. Donovan Correctional Facility.

Plaintiff challenges the reduction in his notriptyline prescription and he claims that mere acetaminophen, which was also prescribed, was insufficient. Additionally, Plaintiff alleges that the reduction in medication left him vulnerable to seizures, but Plaintiff's exhibits demonstrate his seizures were well controlled by low dose dilantin and he was provided with dilantin at Kern Valley State Prison. (Comp., court record p. 17, 35.)

With respect to his shoulder injury, while the Court accepts as true that it causes Plaintiff pain, his allegation that he re-injured it and the injury was left untreated is belied by the MRI of his left shoulder, which was conducted in 2012 and showed only degenerative changes with no evidence of re-injury or re-tear.

To be clear, Plaintiff does not have to show that he was completely denied medical care in order to state a claim, Snow, 681 F.3d at 987-88, and prison officials must provide appropriate treatment for medical issues, including conditions which cause chronic pain, e.g., Snow, 681 F.3d

at 990. However, Plaintiff must show more than a mere disagreement with the course of treatment chosen by his primary care physicians at Kern Valley State Prison and a desire for different accommodations, such as morphine and a waist chain chrono. Plaintiff largely relies on conclusory allegations of deliberate indifference and inadequate pain relief. Although Plaintiff's exhibits somewhat clarify his claims, they suggest Plaintiff's disagreement with the treatment chosen and his desire for additional pain medication such as morphine, rather than deliberate indifference.

The Court will provide Plaintiff with an opportunity to file an amended complaint. In amending, the Court suggests to Plaintiff that if the crux of his claim is inadequate pain medication, he focus on those staff members involved in that determination and explain why the situation amounts to more than a disagreement in treatment. A scattershot approach of suing a wide range of staff members however tangentially involved rarely serves any litigant well.

Plaintiff is encouraged to be mindful that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner, " Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), and "[d]eliberate indifference is a high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

**2. Involvement in Resolving Inmate Appeals**

On May 23, 2011, Plaintiff filed an inmate appeal requesting, in relevant part, more pain medication, and a chrono allowing him to "prone" in a sitting rather then lying down position during alarms and to be handcuffed in the front or in waist restraints. (Comp., court record p. 25.)

On June 16, 2011, Plaintiff's appeal was denied at the first level of review by Defendant Noriega. On October 25, 2011, Plaintiff's appeal was denied at the second level of review by

Defendant Hutchinson, and on February 15, 2012, Plaintiff's appeal was denied at the third and final level of review by Defendant Zamora.

While Plaintiff accuses the defendants involved in the appeals process of condoning the violation of his rights, failing to take corrective action, falsely denying his valid appeal, and/or lacking the qualifications to resolve his appeal, the appeals process is merely an administrative remedy process available to Plaintiff. It does not create any substantive rights and Plaintiff cannot state a claim by attacking the deficiencies in the process or the qualifications of the appeals coordinators. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The involvement of appeals coordinators usually does not provide a basis upon which to impose liability against them because they were not involved in the underlying violation at issue. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

There are exceptions to this general rule, of course, and where there exists a plausible claim that an administrator knowingly disregarded an excessive risk of harm to an inmate, liability may lie. Snow, 681 F.3d at 989; Jett, 439 F.3d at 1098. Here, however, the responses to Plaintiff's inmate appeal do not support his claim that Defendants Zamora, Hutchinson, Washington, and Noriega violated his rights under the Eighth Amendment. Plaintiff disagreed with the underlying course of treatment prescribed for him at Kern Valley State Prison, and Defendants Zamora, Hutchinson, Washington, and Noriega's administrative review of his appeal and their decision to deny the appeal present no basis for liability under the Eighth Amendment. There is simply no support for a claim that they acted with deliberate indifference toward Plaintiff's medical needs. Toguchi, 391 F.3d at 1057.

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint, as Plaintiff may be able to cure some of the deficiencies, particularly against those involved in assessing and treating his primary care needs. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

///

Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated: March 6, 2013**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE